UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY RAY WILBOURN, JR., <br><br> Plaintiff, <br><br> v. <br><br> RUTH PIERCE, Twin Falls Mayor; CLINTON DOERR, individually and in his official capacity as a Twin Falls Police Officer; TWIN FALLS POLICE DEPARTMENT; NICOLE SWAFFORD, in her individual capacity for administrative and investigative acts only, <br><br> Defendants. | Case No. 1:26-cv-00018-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Gary Ray Wilbourn, Jr. has two filings before the Court: an application to proceed without prepayment of fees and a proposed amended complaint.[1] For the reasons explained below, the Court will grant Wilbourn's application but will dismiss his complaint.

---

[1] Although Wilbourn filed an amended complaint, Dkt. 5, it is substantively the same as his original complaint, Dkt. 2.

MEMORANDUM DECISION AND ORDER - 1

**ANALYSIS**

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28 U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they are unable to pay the fees. *Id.* The applicant must state the relevant facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The court must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the court is authorized to dismiss a complaint if the applicant, among other things, fails to state a claim that could result in the granting of relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court first "grants or denies in forma pauperis status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.3d 1221, 1226, n.5 (9th Cir. 1984). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

The Application

In evaluating the application, the Court compares the applicant's income to the poverty guidelines as a gauge of ability to pay. *Clark v. Commissioner of Social Security*, 2022 WL 1271005, at *1 (E.D. Cal. Apr. 28, 2022). The applicant however need not "be absolutely destitute" to proceed without paying fees. *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948). In Wilbourn's application, he states that no one relies on him for support. *Appl.* ¶ 8, Dkt. 1 at 6. The poverty level for a single person according to the 2025 Guidelines is $15,650 and for the 2026 Guidelines it is $15,960. HHS Poverty Guidelines for 2025 and 2026.[2]

Wilbourn noted that his average monthly income during the twelve months preceding his application was $1,863. *Appl.* ¶ 1, Dkt. 1 at 3. This figure does not appear to include his stated $1,600 per month in employment income for the year prior to filing his application. *See Appl.* ¶ 1, Dkt. 1 at 2. However, Wilbourn also indicated that he was only employed for roughly two months in 2025, so he would not have earned an average of $1,600 per month from employment in the year prior to filing his application, rather he earned approximately $3,200 total from

---

[2] The HHS Poverty Guidelines for 2025 are available at https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf, and the Guidelines for 2026 are available at https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf.

employment over that year. *Appl.* ¶ 2, Dkt. 1 at 3. He also noted that he expected to receive income of $1,542 the month after filing his application. *Appl.* ¶ 1, Dkt. 1 at 3.

If the Court uses the figure Wilbourn provided for his average monthly income in the year preceding the filing of his application, plus the $3,200 he earned from employment, he received $25,556 for the year. If the Court instead uses the figure Wilbourn provided for his expected income in the month following the filing of his application and assumes he will earn that amount over the following eleven months, his yearly income would be $18,504. The average of these two yearly income amounts is $22,030. With each calculation, Wilbourn's annual income is above the poverty level.

That said, Courts have granted applications to proceed without paying fees where the applicant's income is low, the applicant has recently been unemployed, and the applicant's income is roughly equal to expenses. In *Azizeh R. v. Saul*, for instance, a district court granted an application where the applicant was unemployed for at least the two preceding years and the applicant's expenses almost equaled the applicant's income. 2020 WL 8082422, at *1 (S.D. Cal. Oct. 19, 2020). Here, Wilbourn reports that he has been unemployed for most of the last year and his average monthly expenses total $1,536, compared to monthly income as low as $1,542. *Appl.* ¶ 1, 7, Dkt. 1 at 2-3, 5. His financial circumstances are thus

comparable to the applicant's in *Azizeh R*. The Court therefore concludes that Wilbourn cannot afford to pay any filing fees for this action at this time and GRANTS his motion for leave to file without paying those fees. *See* 28 U.S.C. § 1915(a)(1).

## The Complaint

Turning to Wilbourn's complaint, he raises eight causes of action under 42 U.S.C. § 1983 against a variety of defendants. *Amended Compl*. ¶¶ 30-71, Dkt. 5 at 6-9. A claim under this law requires that (1) the plaintiff was "deprived of a right secured by the Constitution and the laws of the United States," and (2) the plaintiff was deprived of this right by a defendant acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (internal quotation marks omitted).

### *First Claim*

In his first claim, Wilbourn sues each of the Defendants for retaliating against him for exercising his First Amendment rights. *Amended Compl*. ¶¶ 30-35, Dkt. 5 at 6. The First Amendment prohibits government officials from subjecting an individual to "retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To state a First Amendment retaliation claim, a plaintiff "must plausibly allege that (1) he "engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing

to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020).

Wilbourn fails to set forth sufficient facts to proceed with this claim. To survive dismissal, a complaint must only state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, where the facts in a complaint are "merely consistent with" a defendant's liability, the plaintiff has not met the plausibility threshold. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). That is, the complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 555.

Wilbourn asserts that he was retaliated against for an email he sent to the mayor of Twin Falls, Idaho in which he "report[ed] concerns about police conduct." *See Amended Compl.* ¶ 31, Dkt. 5 at 6. But he provides no additional detail about the email: he fails to state when he sent it, what conduct he reported in it, or who, if anyone, was specifically mentioned in it. He also asserts that "Defendants were aware of [his] protected speech and viewed it as criticism of law enforcement," but again he does not provide any factual detail. *See Amended Compl.* ¶ 32, Dkt. 5 at 6. He fails to state who received the email, when it was received, how each of the Defendants came to be aware of it, or why he believes

MEMORANDUM DECISION AND ORDER - 6

that Defendants interpreted the content of his email as a criticism of law enforcement. Wilbourn thus fails to provide sufficient factual detail to support his First Amendment retaliation claim. *Twombly*, 550 U.S. at 555, 557.

Furthermore, as part of the requirement that Wilbourn plead sufficient facts to permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 663, the Court must be able to determine which defendants are liable for the alleged misconduct, *Jackson v. Warning*, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016). To accomplish this, Wilbourn must do more than state that each of the Defendants is liable; he must provide specific accusations as to particular Defendants. *See Jackson*, 2016 WL 7228866, at *4. But Wilbourn does not make any specific accusation as to any particular Defendant in raising his First Amendment retaliation claim. He merely states that "Defendants were aware" of his email, viewed it as a criticism of law enforcement, and as a result "Defendants took adverse actions" against him. *See Amended Compl.* ¶¶ 32-33, Dkt. 5 at 6.

For these reasons, Wilbourn fails to state a claim for which relief can be granted, so the Court will dismiss this claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193. But the Court will dismiss it with leave to amend with additional facts and specificity consistent with the Court's discussion above within sixty days of this decision. If Wilbourn can state a claim with sufficient detail and

specificity, and he amends this claim to reflect that within the time allotted, the Court will consider that claim anew. If Wilbourn does not amend his claim in this way within sixty days, the Court will dismiss it without prejudice to later refiling.

Of note, however, the statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 280-81 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here); Idaho Code § 5-219 (providing for a two-year statute of limitations for personal injuries, which governs federal civil rights actions arising in Idaho). Wilbourn thus has two years from the incident he complains of to file a Section 1983 claim.

### *Second and Fourth Claims*

For his second claim, Wilbourn sues former Twin Falls Police Officer Clinton Doerr, the City of Twin Falls and the Twin Falls Police Department, asserting that he was falsely arrested and unreasonably seized in violation of the Fourth Amendment. *See Amended Compl.* ¶¶ 36-40, Dkt. 5 at 6-7. As an initial matter, Wilbourn brings this claim against all three of these Defendants without identifying which of them he accuses of which particular actions. As a result, he fails to state a claim for which relief can be granted. *See Jackson*, 2016 WL 7228866, at *4.

He fails to state a claim against the City of Twin Falls and the Twin Falls Police Department for another reason as well. To bring a Section 1983 claim against a local governmental entity, such as a police department or city, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the required elements of a Section 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Here, however, Wilbourn does not attempt to comply with the last three of these four *Monell* claim requirements.

Wilbourn's claim against former police officer Doerr suffers from another flaw as well. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court determined that, where a favorable verdict in a civil rights action would necessarily show that a plaintiff's criminal conviction or sentence is invalid, he must first demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal

court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

If, however, a successful civil rights claim will not demonstrate that a criminal judgment against the plaintiff is invalid, the action should be allowed to proceed. *Heck*, 512 U.S. at 487. As a result, "applying *Heck* requires looking at the factual basis for a conviction, regardless of whether that conviction is based on a jury verdict or a guilty plea." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1008 (9th Cir. 2022).

Here, the false arrest and unreasonable seizure Wilbourn complains of occurred on May 4, 2024. *See Amended Compl.* ¶¶ 32-33, Dkt. 5 at 6. It seems that Wilbourn was convicted of the crime for which he was arrested that day, as he notes that two days after this arrest he was charged with misdemeanor domestic battery, Idaho Code § 18-903, in case number CR42-24-4412, to which he later pled guilty. *See Amended Compl.* ¶¶ 18, 28, Dkt. 5 at 4, 6. Wilbourn has not indicated that this conviction has been reversed or vacated, and his assertion that he was falsely arrested would appear to call into question that conviction—this runs afoul of *Heck*.

Wilbourn's fourth claim runs into the same *Heck* problem as his second one does. He asserts that former police officer Doerr fabricated evidence against him in

violation of the Fourteenth Amendment. *Amended Compl.* ¶¶ 46-50, Dkt. 5 at 7. In support, he states that Doerr created a false police report "underlying" the misdemeanor domestic battery charge in another criminal case, case number CR42-23-7157. *Amended Compl.* ¶¶ 11, 47, Dkt. 5 at 3, 7. But he was apparently convicted of that charge as well, since elsewhere in his complaint he references the sentencing in that case. *Amended Compl.* ¶ 12, Dkt. 5 at 4. Because Wilbourn does not assert that this conviction has been overturned, and there is no such indication in the record, he cannot challenge the basis for it. *See Heck*, 512 U.S. at 486-87.

Within this claim Wilbourn also asserts that Doerr "contributed to the incomplete discovery in CR42-24-4452," a case in which he was charged with false personation. *Amended Compl.* ¶ 47, Dkt. 5 at 7. But he does not provide any facts connecting Doerr to the alleged inadequate production in discovery. This is particularly noteworthy because Wilbourn asserts that Doerr left the police force in mid-June 2024 but that the evidence regarding Wilbourn's false personation case was produced in February 2025. *Amended Compl.* ¶¶ 20, 29, Dkt. 5 at 5-6.

The Court will thus dismiss Wilbourn's second and fourth claims but again it will do so with leave to amend with additional facts within sixty days of this decision. And if Wilbourn does not amend his claim in this way within sixty days, the Court will dismiss it without prejudice to later refiling.

MEMORANDUM DECISION AND ORDER - 11

*Third Claim*

For his third claim, Wilbourn raises a malicious prosecution cause of action under the Fourth and Fourteenth Amendments against Doerr; Nicole Swafford, a Twin Falls County prosecutor; and Twin Falls County. *Amended Compl.* ¶¶ 41-45, Dkt. 5 at 7. As an initial matter, Wilbourn again fails to state which Defendant engaged in which conduct. *See Jackson*, 2016 WL 7228866, at *4.

Additionally, he cannot sue either Swafford or Twin Falls County for "initiat[ing] and continu[ing] criminal proceedings in CR42-24-4452 without probable cause." *Amended Compl.* ¶ 42, Dkt. 5 at 7. He cannot sue Swafford because prosecutors have absolute immunity for any actions taken in the performance of an integral part of the criminal judicial process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). These actions include initiating and pursuing a criminal prosecution, *id.* at 410, and preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). This immunity also extends to a prosecutor's "knowing use of false testimony at trial, . . . suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). And he cannot sue Twin Falls County either because it is a government entity and can only be sued under Section 1983 through a *Monell* claim, but Wilbourn fails to assert any of the *Monell* requirements. *See Monell*, 436 U.S. at 694.

As for his claim against Doerr, Wilbourn provides no more than a conclusory statement that the charge was pursued without probable cause, but he provides no factual support for this assertion. What he does provide seems to cut in the opposite direction, as he notes that he sent an email to the Twin Falls mayor's office, which was apparently the basis for the false personation charge, and that an employee with the mayor's office provided an affidavit stating that Wilbourn's email contained evidence of false personation and intimidation by false assertion of authority. *Amended Compl.* ¶ 20; Dkt. 5 at 5. Thus, in addition to the above shortcomings, Wilbourn's claim also lacks sufficient factual support to be plausible. *Twombly*, 550 U.S. at 557. The Court will dismiss it but again permit him sixty days to amend his claim.

*Fifth through Eighth Claims*

In his fifth claim, Wilbourn asserts that Swafford suppressed evidence in violation of the Fourteenth Amendment. *Amended Compl.* ¶¶ 51-56; Dkt. 5 at 8. This claim is blocked by Swafford's absolute prosecutorial immunity, which covers to a prosecutor's "suppression of exculpatory evidence." *Milstein*, 257 F.3d at 1008. That said, a prosecutor is not immune when she is acting as an "administrator or investigative officer," rather than as a traditional advocate. *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (cleaned up). But Wilbourn does not assert any facts to support such a claim.

MEMORANDUM DECISION AND ORDER - 13

In his sixth claim, Wilbourn states excessive bail was imposed on him in violation of the Eighth Amendment and in his seventh claim, he asserts that he was detained pretrial for a period of time that violated the Fourteenth Amendment. *Amended Compl.* ¶¶ 57-66; Dkt. 5 at 8-9. He brings each of these claims against both Swafford and Twin Falls County. Dkt. 5 at 8-9. Again, though, he cannot sue Swafford for either claim because she is immune as a prosecutor for her actions in pursuing charges against Wilbourn that led to his pretrial detention and for recommending bail. *Roger Wayne Parker v. Cnty. of Riverside, et al.*, 2026 WL 623058, at *1 (9th Cir. Mar. 5, 2026) (holding district court correctly concluded that absolute immunity shielded prosecutors from liability for plaintiff's "prolonged pre-trial detention"); *Ismail v. Cnty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017) (holding the district court correctly determined that "all of the deputy district attorney's actions—requesting a defendant be remanded into custody, adding or dropping charges, requesting high bail—are prosecutorial decisions intimately associated with the judicial phase of the criminal process"). Although Wilbourn again fails to state any facts to show that his claim against Swafford can proceed despite her prosecutorial immunity, the Court will permit him sixty days from the date of this decision to amend his fifth, sixth, and seventh claims to set forth facts to support such a permissible claim.

As for his sixth and seventh claim against Twin Falls County, Wilbourn

needed to set forth a *Monell* claim, but again he did not attempt to do so. *See Monell*, 436 U.S. at 694. The Court similarly grants him sixty days to amend these claims to comply with the *Monell* requirements.

In his eighth and final claim, Wilbourn sues the City of Twin Falls and Twin Falls County, alleging municipal liability under *Monell* and violations of the First, Fourth, Eighth, and Fourteenth Amendments. *Amended Compl*. ¶¶ 67-71; Dkt. 5 at 9. In so doing, however, Wilbourn conflates three *Monell* requirements: that he show that the entity had a "policy or custom," that the policy or custom "amounted to deliberate indifference to plaintiff's constitutional right," and that the policy or custom "was the moving force behind the constitutional violation." *Mabe*, 237 F.3d at 1110-11. Instead, he merely identifies the conduct he complains of and labels it as a policy or custom. *Amended Compl*. ¶¶ 68-69; Dkt. 5 at 9. And though he notes that defendants "fail[ed] to train or supervise officers and prosecutors on constitutional requirements," this is no more than a conclusory statement, as he provides no factual support for it. *Amended Compl*. ¶ 68; Dkt. 5 at 9. The Court will thus dismiss Wilbourn's eighth claim and provide him leave to amend it within sixty days to adequately plead the specific elements of a *Monell* claim.

Standards for Amending the Complaint

If Wilbourn intends to file an amended complaint, he must not only comply with the instructions outlined above, he must also be sure to include "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). And he must plead "enough facts to state a claim that is plausible on its face," *Twombly*, 550 U.S. at 570, which means he must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Further, any amended complaint must contain all of Wilbourn's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference his prior pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Wilbourn must also set forth each factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Second Amended Complaint." Wilbourn's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Wilbourn files an second amended complaint, he must also file a "Motion

MEMORANDUM DECISION AND ORDER - 16

to Review the Second Amended Complaint." If he does not amend within sixty days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

Plaintiff's Complaint (Dkt. 2) and Amended Complaint (Dkt. 5) are **DISMISSED** with leave to amend. If Plaintiff wishes to file a Second Amended Complaint, he must do so within 60 days of the date of this order.

DATED: April 3, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 17